## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

ALVIN JACK                                                                                          PETITIONER
ADC #500523

V.                          No. 4:21-CV-946-LPR-JTR

DEXTER L. PAYNE, Director,
Arkansas Division of Correction                                                        RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Lee P. Rudofsky You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Rudofsky may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

## I. Background

On October 18, 2021, Alvin Jack ("Jack"), an inmate incarcerated at the North Central Unit of the Arkansas Division of Correction ("ADC"), purportedly signed and filed the "Petition for Writ of Habeas Corpus" in this case. *Doc. 1*. However, the

allegations in the Petition are almost identical to at least ten other § 2254 habeas petitions submitted in the Eastern District of Arkansas over the last thirteen months:

*Hobbs v. Payne*, No. 4:21-CV-288-JM-JTR (Apr. 12, 2021)

*Dorn v. Payne*, No. 4:21-CV-289-JM-JTR (Apr. 12, 2021)

*Grays v. Payne*, No. 4:21-CV-356-BRW-PSH (May 3, 2021)

*Landers v. Arnold*, No. 4:21-CV-385-BRW-BD (May 10, 2021)

*Gibbs v. Payne*, No. 4:21-CV-439-KGB-JTR (May 20, 2021)

*Guzman v. Payne*, No. 4:21-CV-658-KGB (July 23, 2021)

*Thornton v. Payne*, No. 4:21-CV-662-BRW (July 23, 2021)

*Janet v. Payne*, No. 4:21-CV-933-JM-JTK (Oct. 14, 2021)

*Butler v. Payne*, No. 4:21-CV-947-DPM-ERE (Oct. 18, 2021)

*Gordon v. Payne*, No. 4:21-CV-963-KGB-ERE (Oct. 21, 2021)

In each of these § 2254 actions, the Petitions' primary objective is to assert previously dismissed habeas claims filed by *Rickey Ashley*, a notoriously litigious prisoner in the ADC. Ashley has repeatedly been placed on the Court's restricted-filers list for filing spurious and frivolous lawsuits.[1] Accordingly, each new lawsuit

---

[1]Ashley has been a "three-striker" for almost 20 years. *Ashley v. Beam*, 4:02-cv-00188-GTE. As early as 2005, he was described as one of the "most highly abusive filers in the Eastern District of Arkansas." See *Ashley v. Reasoner*, 4:05-cv-00465 WRW (E.D. Ark. March 29, 2005) (summarizing Ashley's history of frivolous lawsuits in the Eastern District of Arkansas). By 2012, Ashley had filed at least fifty § 1983 lawsuits. See *Ashley v. Young, et al.*, 4:12-cv-00379-BSM. In 2020, after filing a number of frivolous and repetitive habeas actions, Ashley was placed on the Court's restricted filer list. See *Ashley v. Payne*, 4:20-cv-00839-SWW (identifying Ashley's multiple frivolous habeas petitions and ordering that he be placed on the Court's restricted filer

submitted by Ashley in his own name is subjected to immediate scrutiny from the assigned judge before it may be docketed.

So, Ashley has devised a new way to abuse the judicial process and present his vexatious claims to the Court: he has started filing his own claims in other prisoners' names. In some of the cases listed above, Ashley represents himself as the "attorney" of the named-Petitioner and appears to forge their signature. *Hobbs*, No. 4:21-CV-288-JM-JTR; *Dorn*, No. 4:21-CV-289-JM-JTR; *Landers*, No. 4:21-CV-385-BRW-BD; *Gibbs*, No. 4:21-CV-439-KGB-JTR; *Thornton*, No. 4:21-CV-662-BRW.[2] In two cases, he submitted the $5.00 filing fee. *Hobbs*, No. 4:21-CV-288-JM-JTR; *Janet*, No. 4:21-CV-933-JM-JTK. But, in many cases, Ashley submitted an "Inmate Personal Withdrawal Request Form," attempting to withdraw the $5 filing fee from his own prisoner account *or the named-Petitioner's account*. *Guzman*, No. 4:21-CV-658-KGB (seeking to withdraw $5 from Ashley's account); *Thornton v. Payne*, No. 4:21-CV-662-BRW (same); *Grays*, No. 4:21-CV-356-BRW-PSH (May 3, 2021) (seeking to withdraw $5.00 from Grays' account) *Gibbs*,

---

list); *Ashley v. Payne*, 4:20-cv-00770-KGB (same). Undaunted, Ashley has begun filing habeas actions, like this one, in the names of other prisoners, but then using them as a vehicle for asserting *his own* frivolous and previously rejected habeas claims.

[2] Petitioner Dorn confirmed that his named was forged and asked the Court to dismiss the Petition. Motion to Dismiss, *Dorn*, No. 4:21-CV-289-JM-JTR (E.D. Ark. Dec. 21, 2021).

No. 4:21-CV-439-KGB-JTR (May 20, 2021) (seeking to withdraw $5.00 from Gibbs' account).

These cases make it clear that Ashley is not only wasting the Court's resources, but he is also attempting to use his fellow inmates' names and funds to pursue his vexatious and frivolous claims.

In this case, filed in Alvin Jack's name, the Petition again alleges Ashley's previously rejected claims. Along with the spurious Petition, Ashley filed a "Request" to withdraw $5.00 from Jack's prisoner trust fund account. The Petition does not assert *any* claims on behalf of Jack himself.[3]

For this reason and the reasons explained in *Hobbs v. Payne*, 4:21-cv-00288-JM-JTR, this habeas action should be dismissed, *with prejudice*.

## II.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  Ashley's habeas Petition, *Doc. 1*, filed in Jack's name, be dismissed, *with prejudice*.

---

[3]Although the Court does not proport to be an expert on handwriting, Jack's signature on the habeas Petition appears to have been forged by Ashley. Thus, it is unclear whether Jack actually participated with Ashley in formulating and filing this abusive habeas action. Accordingly, the habeas Petition in this case should not count toward a "second or successive habeas action" if Jack later files a §2254 habeas action asserting *his own* habeas claims.

2.  A Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)–(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

Dated this 23rd day of June, 2022.

                                                                   _____
                                                                   UNITED STATES MAGISTRATE JUDGE